IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID S.,[1]  </br></br>     Plaintiff, </br></br>   v. </br></br> MARTIN J. O'MALLEY, </br> Commissioner of Social Security,[2] </br></br>     Defendant. | No. 23 C 15144 </br></br> Magistrate Judge </br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff David S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 21, 2020, Plaintiff filed a claim for DIB, alleging disability since July 22, 2018. Plaintiff's claim was denied throughout the administrative stages, after which he timely appealed to this Court. The Court then remanded the matter on July 19, 2022. A telephonic remand hearing before an Administrative Law Judge ("ALJ") was held on May 11, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 28, 2023, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's June 28, 2023 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's June 28, 2023 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of July 22, 2018 through his date last insured of December 31, 2019. At step two, the ALJ concluded that, through the date last insured, Plaintiff

had severe impairments of degenerative disc disease and depression. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, but has no limitations in the total amount of time he is able to sit, stand, or walk throughout an 8-hour workday; needs to alternate his position between sitting, standing, and walking for no more than five minutes out of every half hour, but, while doing so, he would not need to be off task; can occasionally climb ramps and stairs, stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; can occasionally operate foot controls; and is limited to simple repetitive tasks. At step four, the ALJ concluded that, through the date last insured, Plaintiff was unable to perform his past relevant work as a bellhop or landscaper. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that, through the date last insured, Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he was not disabled under the Social Security Act at any time from July 22, 2018 through December 31, 2019.

3

**DISCUSSION**

I.   **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to comply with the Appeal Council's instructions to further evaluate Plaintiff's RFC; and (2) the ALJ did not properly consider Plaintiff's activities of daily living in assessing his subjective symptoms. Pertinent to Plaintiff's second argument, with respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, in assessing subjective symptoms, an ALJ "is required to evaluate a claimant's activities of daily living and explain why the claimant's activities are inconsistent with her description of her symptoms." *Michelle M. L. v. Kijakazi*, No. 20 C 6793, 2022 WL 3297619, at *11 (N.D. Ill. Aug. 11, 2022) (citations omitted). The ALJ must specifically "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). Furthermore, "[a]n ALJ is required to consider the limitations in how a claimant performs daily activities." *Heidi R. v. Saul*, No. 18 CV 8534, 2019 WL 13209274, at *4 (N.D. Ill. Oct. 11, 2019).

Here, the Court agrees with Plaintiff that the ALJ's subjective symptom assessment vis-à-vis Plaintiff's daily activities was deficient. In finding Plaintiff's allegations not entirely credible, the ALJ noted Plaintiff's subjective symptoms,

7

including his testimony that "he had spinal surgery for degenerative disc disease, and it resulted in nerve damage causing constant back pain that radiates to his right leg and affects his scrotum." (R. 4644.) The ALJ also touched on some of Plaintiff's activities of daily living in his decision. However, crucially, the ALJ did not address Plaintiff's testimony that he experienced significant difficulties in performing daily activities. Plaintiff testified that he could not prepare his own meals and could only walk his dogs 100 yards. (*Id.* at 56-57, 60.) Plaintiff also testified that his mother needed to trim his toenails and he had significant trouble putting shoes on. (*Id.* at 61.) Plaintiff further testified that he could not drive because he experienced leg spasms. (*Id.* at 62.) In failing to adequately address these latter allegations, the ALJ reversibly erred. *See Charles S. v. Berryhill*, No. 17 C 7438, 2019 WL 764059, at *6 (N.D. Ill. Feb. 21, 2019) ("The ALJ also did not properly account for the difficulty Plaintiff had in performing many of the listed daily activities. . . . The ALJ improperly disregarded these limitations (and any other limitations) in assessing Plaintiff's ability to perform daily activities."); *Heidi R.*, 2019 WL 13209274 at *4.

Along the same lines, the ALJ repeatedly cited and made much of one page from the 6,314-page record reflecting that Plaintiff went on a camping trip in an RV in July 2019. (*See* R. 4649, 4658-59.) According to the ALJ, the RV trip "suggest[ed] that [Plaintiff] was able to drive, shop, travel, and interact with others to some extent." (*Id.* at 4649.) However, Plaintiff testified that his mother "took [him] to her trailer up in Wisconsin" to "help with [his] depression," but to get there he "had to

8

lay down in the back seat" and "they had a bed like made up for [him] in the back of her car." (*Id.* at 4684.) Plaintiff further testified that that he "laid in bed all the time when [he] was up there" and he did not participate in anything like hiking. (*Id.* at 4684-85.) The ALJ erred in that he overemphasized Plaintiff's camping trip without accounting for the significant difficulty Plaintiff experienced in trying to travel. *See Ray v. Berryhill*, 915 F.3d 486, 491 (7th Cir. 2019) (remanding where the ALJ "overemphasized" the claimant's activities of daily living).

The problem here is that the ALJ ignored evidence and did not supply the requisite sufficient explanations to underpin his explicit and implied conclusions concerning Plaintiff's symptoms, daily activities, and ability to work. *See Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024); *Diane P. v. Saul*, No. 19 C 0782, 2020 WL 4053780, at *9 (N.D. Ill. July 20, 2020) ("[T]he Court has no way to know what conclusion (if any) the ALJ reached regarding Plaintiff's continued problems with activities of daily living."). And, ultimately, the ALJ's failure to adequately account for Plaintiff's daily activities and related difficulties requires that this matter be remanded. *See Latanza B. v. Comm'r of Soc. Sec.*, No. 22 C 6353, 2023 WL 3886110, at *3 (N.D. Ill. June 8, 2023) (finding remand necessary where "the ALJ did not reckon with Plaintiff's statements that although she can perform daily activities, she sometimes cannot complete them or has difficulty due to feeling depressed or overwhelmed"); *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *4 (N.D. Ill. Apr. 19, 2021) ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability

9

claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptoms are appropriately considered and Plaintiff's RFC is properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:   July 15, 2024**

　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**